## THE STATE vs. DAVID SERAN.

A party cannot be indicted under the 48th section of the act respecting crimes (*Nix. Dig.* 169) as an accessory before the fact, nor without charging guilty knowledge and intent to defraud.

Case certified from the Salem Oyer and Terminer for the advisory opinion of this court.

Argued before Justices VREDENBURGH and WHELPLEY

The opinion of the court was delivered by

VREDENBURGH, J. The indictment in this case, after charging that one William Hart had uttered and published a certain counterfeit bank bill, and been thereof convicted, further charged that the present defendant, before the said felony and uttering, did feloniously and maliciously incite, move, procure, aid, counsel, hire, and command the said Hart to the said felony, and to unlawfully utter and publish as true the said counterfeited bank note, in manner and form aforesaid, to do and commit against the form of the statute. This indictment was tried in the Salem Oyer, and the defendant convicted, whereupon the sentence was suspended, and the question, whether the indictment charges any crime against the defendant, reserved for the opinion of this court.

The act under which the indictment is framed is the forty-eighth section of the act respecting crimes (*Nix. Dig.* 169), which provides that if any person shall cause, counsel, command, or procure to be uttered or published as true any bank note, knowing the same to be false, with intent to defraud any person, shall be guilty of a misdemeanor.

The indictment is fatally defective in not charging upon the defendant any guilty knowledge or any intent to de-

fraud any person.    It charges a crime upon Hart, but more upon Seran.

It was suggested that it might be good against the defendant as an accessory before the fact of the forgery by Hart.    But, in the first place, the charge against Hart is only of a misdemeanor, which does not admit of an accessory ; and in the next place, if it was a felony in the principal, the ordinary forms in the books, from which this is framed, for an indictment against the accessory would not answer.    It would, in some shape, have to be averred that the accessory, at the time he counselled the principal to pass the note, knew as well as the principal that the note was a forgery.    His advising the principal to utter a note which the principal knew to be a counterfeit, but which the coun sellor did not, could not be criminal.

The whole body of the crime therefore, to wit, guilty knowledge and intent to defraud, is left out of the indictment, and the Oyer should be advised accordingly.

CITED in *State* v. *Wyckoff*, 2 *Vr.* 67.